HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA LEWIS, as Personal Representative of the Estate of JOHN ROBERT LEWIS, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>TODD SHIPYARDS CORPORATION, et al.,<br><br>Defendants. | NO. 2:11-CV-01300-MJP<br><br>DECLARATION OF JAMES E. HORNE IN SUPPORT OF DEFENDANT FRASER'S BOILER SERVICE, INC.'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE |

I, JAMES E. HORNE, being first duly sworn on oath, do hereby depose and state as follows:

1. I am one of the attorneys representing defendant Fraser's Boiler Service, Inc. ("FBS") in this lawsuit. I submit this declaration in support of Defendant Fraser's Boiler Service, Inc.'s Opposition to Plaintiff's Motions in Limine. I have personal knowledge of the facts set forth in this declaration and could competently testify to them under oath if called as a witness.

2. I have been involved in the present litigation only since April 15, 2015, (approximately four months), having substituted in as counsel for FBS at that time. As such, I was not personally involved in any aspect of the prior litigation in King County

HORNE DECL. IN SUPPORT OF FBS'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* - 1 of 7
(11-01300 MJP)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

Superior Court, in the U.S. District Court for the Western District of Washington, as part of the MDL No. 875 action before the U.S. District Court for the Eastern District of Pennsylvania, or for all but the last four months after the remand back to the U.S. District Court for the Western District of Washington.  I have, however, been able to piece together from our incomplete records and files, and from other paper and electronic files transferred to our office from the previous counsel for FBS, a timeline of events and at least a partial explanation for the failure to file an Initial Disclosure on the part of FBS.  In addition, these documents show that Plaintiff has been well aware of FBS' intended two fact trial witnesses since November 19, 2010, and that copies of the Expert Reports of FBS' Expert Witnesses was provided to Plaintiff's counsel on May 9, 2012.

3.   The present lawsuit initially was filed in the King County Superior Court on or about June 25, 2008, under the caption *Barbara Jean Lewis as Personal Representative of the Estate of John Robert Lewis v. Albay Construction Company, et al.,* King County Superior Court No. 08-2-21991-7 SEA.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A.  Plaintiff's state court case proceeded through normal litigation for 3 years and 1.5 months until August 5, 2011, at which time Defendant Todd Shipyards Corporation ("Todd") filed a Notice of Removal to remove the case from King County Superior Court to the U.S. District Court for the Western District of Washington at Seattle.

4.   Attached hereto as Exhibit B, is a true and correct copy of Defendant Todd Shipyards Corporation's Submission of State Court Records and Proceedings, dated August 12, 2011, showing that numerous disclosures and other documents had been

HORNE DECL. IN SUPPORT OF FBS'S OPPOSITION TO PLAINTIFF'S
MOTIONS *IN LIMINE* - 2 of 7
(11-01300 MJP)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

filed with the King County Superior Court prior to Todd's removal of this action to federal court.

5. Attached hereto as Exhibit C is a true and correct copy of Defendant Fraser's Boiler Service, Inc.'s Fact Witness Disclosure dated November 19, 2010, from the King County Superior Court lawsuit. That document discloses as fact witnesses on behalf of FBS only two witnesses: (1) Bruce Fraser; and (2) Harry Fraser (via depositions). Those are and have been the only two fact witnesses FBS has relied upon throughout the history of this case.

6. Attached hereto as Exhibit D is a true and correct copy of Defendant Fraser's Boiler Service, Inc.'s Expert Witness List dated May 28, 2010, from the King County Superior Court lawsuit. That document, as is the custom and practice in King County Superior Court, lists all potential expert witnesses that FBS anticipated might be called as expert witnesses in the case. Included within that document are all three of FBS' designated expert witnesses for the upcoming case in U.S. District Court: (1) John Waterhouse, P.E.; (2) Dr. James C. Rock, P.E., C.I.H.; and (3) [Captain] Charles Wasson.

7. Attached hereto as Exhibit E is a true and correct copy of the printout of this Court's Docket obtained through WAWD CM/ECF showing the filings and dates of filings of documents with the Clerk of the United States District Court for the Western District of Washington in the case of *Lewis v. Todd Shipyards Corporation, et al.*, Civil Docket No. No. 2:11-CV-01300-MJP.

8. Following removal from state court to the U.S. District Court, a Notice was issued by the Court on August 8, 2011, indicating that Corporate Disclosure Statements

HORNE DECL. IN SUPPORT OF FBS'S OPPOSITION TO PLAINTIFF'S
MOTIONS *IN LIMINE* - 3 of 7
(11-01300 MJP)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

must be filed by all parties by August 15, 2011.  On August 9, 2011, FBS filed its Corporate Disclosure Statement Pursuant to Fed. R. Civ. P. 7.1.  (Docket Entry No. 7)

9. On September 6, 2011, this Court issued an Order regarding Initial Disclosures, the Joint Status Report, and Early Settlement.  Initial Disclosures were to be filed by October 11, 2011.  (Docket Entry No. 18)

10. Shortly thereafter, on September 13, 2011 (before Initial Disclosures were due to be filed), an Order Lifting Stay of Conditional Transfer Order was issued and the case was transferred to MDL No. 875 in the Eastern District of Pennsylvania.

11. While the case was pending before the U.S. District Court for the Eastern District of Pennsylvania in MDL No. 875, the parties exchanged witness disclosures. Attached hereto as Exhibits F and G, respectively, are true and correct copies of a cover letter enclosing Expert Witness Reports and an e-mail from former FBS counsel to all remaining counsel at the time, including Meredith Good, counsel for Plaintiff, enclosing the Expert Witness Reports of (1) Captain Charles Wasson; (2) Dr. James Rock; and (3) Phillip H. Allman, Ph.D, who was disclosed as a co-retained Economic Loss Expert on behalf of FBS and Todd.  That e-mail containing the expert witness disclosures is dated May 9, 2012.

12. Attached hereto as Exhibit H is a true and correct copy of the May 9, 2012, e-mail to counsel transmitting the Expert Witness Report of John Waterhouse. P.E.

13. Attached hereto as Exhibit I is a true and correct copy of the May 10, 2012, e-mail from former FBS counsel to all remaining counsel at the time, including Meredith Good, counsel for Plaintiff, enclosing additional materials to accompany the Expert Witness Report of John Waterhouse. P.E.

HORNE DECL. IN SUPPORT OF FBS'S OPPOSITION TO PLAINTIFF'S
MOTIONS *IN LIMINE* - 4 of 7
(11-01300 MJP)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

13. While the case remained with the U.S. District Court for the Eastern District of Pennsylvania in MDL No. 875, the Court eventually got around to hearing and deciding summary judgment motions before the remaining claims were remanded to the U.S. District Court for the Western District of Washington by way of a Conditional Remand Order dated March 12, 2014. (Docket Entry No. 20)

14. On March 17, 2014, the Court entered a Minute Order requiring the remaining parties to file a Joint Status Report no later than April 4, 2014. (Docket Entry No. 23)

15. During e-mail discussions between counsel for Plaintiff, FBS, and Todd regarding the preparation of the Joint Status Report, counsel for Todd and FBS openly discussed with Plaintiff's counsel the fact that neither of them found evidence of having filed Initial Disclosures with the Court and that counsel for Todd wrote to counsel for Plaintiff and FBS that "[t]he issue is probably moot at this point and I do not know how to address it in the JSR at the point. I am open to suggestions." Attached hereto as Exhibit J is a true and correct copy of the e-mail string discussing the issue of the lack of any filed Initial Disclosures.

16. On April 4, 2014, the parties filed the Joint Status Report with the Court which did not address the issue of the lack of Initial Disclosures by FBS or Todd despite Plaintiff's counsel's knowledge of the issue.

17. In a second e-mail string between counsel for Plaintiff, FBS, and Todd regarding the preparation of the Joint Status Report, counsel for Todd on April 3, 2014, explicitly asks counsel for Plaintiff if she has any comments about the draft Joint Status Report and indicates "I haven't heard back from you regarding the e-mails below – the

HORNE DECL. IN SUPPORT OF FBS'S OPPOSITION TO PLAINTIFF'S
MOTIONS IN LIMINE - 5 of 7
(11-01300 MJP)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA  98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

comments regarding the initial disclosures and changes to the JSR. Please get back to me today so that I can get this filed by tomorrow's deadline." Also included within that e-mail string is an e-mail from counsel for FBS to counsel for Todd and Plaintiff indicating, "Looks like we issued reports in May 2012 of our experts and served our expert/fact witness list when the case was in state court. I did not see an initial disclosure filed by FBS." Attached hereto as Exhibit K is a true and correct copy of the e-mail string further discussing the issue of the lack of any filed Initial Disclosures.

18. Given the demonstrated lack of surprise or prejudice to Plaintiff, the lack of bad faith on the part of FBS, the availability of a "cure" for the perceived ills of non-disclosure, and Plaintiff's knowledge of these issues for at least one year, it is respectfully submitted that no sanction or far lesser sanctions should be imposed in this case.

I hereby declare that the above statement is true to the best of my knowledge and belief, and that I understand it is made for use as evidence in court and is subject to the penalties of perjury under the laws of the State of Washington.

DATED in Seattle, Washington, this 17th day of August, 2015.

                                           /s/ James E. Horne
                                           James E. Horne, WSBA No. 12166

HORNE DECL. IN SUPPORT OF FBS'S OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE* - 6 of 7
(11-01300 MJP)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575

# DECLARATION OF SERVICE

On the 17th day of August, 2015, I caused to be served the foregoing on all parties in this action, via the U.S. District Court's ECF filing system.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Signed at Seattle, Washington, this 17th day of August, 2015.

By: /s/ James E. Horne
James E. Horne, WSBA No. 12166

HORNE DECL. IN SUPPORT OF FBS'S OPPOSITION TO PLAINTIFF'S MOTIONS IN LIMINE - 7 of 7
(11-01300 MJP)

LAW OFFICES
GORDON THOMAS HONEYWELL LLP
ONE UNION SQUARE
600 UNIVERSITY, SUITE 2100
SEATTLE WA 98101-4185
(206) 676-7500 - FACSIMILE (206) 676-7575